```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 16-CV-81934-ZLOCH
                           MAGISTRATE JUDGE P.A. WHITE
```

QUINTON SYLVESTRE,              :

    Plaintiff,                  :

v.                              :        REPORT ON MOTION FOR
                                         TRO OR PRELIMINARY INJUNCTION
PALM BEACH COUNTY SHERIFF'S     :                (DE# 7)
OFFICE, ET AL.,
                                :
    Defendants.
_____

The Plaintiff has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, (DE# 1), which has not yet been screened. Presently before the Court for consideration is motion for a preliminary injunction. (DE# 7).

The Plaintiff alleges that he is indigent and, on December 8, 2016, submitted an inmate request form to the Palm Beach County Sheriff's Office property department for pro se indigent legal materials, *i.e.*, paper, envelopes and postage, for use in the instant case. (DE# 7 at 1-2). His request was denied on December 14, 2016, because "we only provide pro se supplies for criminal cases." (DE# 7 at 2).

He asks the Court to order the Palm Beach County Jail to provide him with paper, envelopes, and postage for use in the instant Section 1983 civil rights case.

II. <u>Legal Standards</u>

(A)  <u>Preliminary Injunction</u>
    A preliminary injunction is an extraordinary remedy that lies

1

within the district court's discretion. See Cunningham v. Adams, 808 F.2d 815, 818-19 (11th Cir. 1987); Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). Its purpose is to preserve the *status quo* between the parties and prevent irreparable injury until the court can render a meaningful decision on the merits. United States v. Alabama, 791 F.2d 1450, 1459 (11th Cir. 1986). A party seeking a preliminary injunction must clearly establish: "(1) a substantial likelihood that he will ultimately prevail on the merits; (2) a showing that he will suffer irreparable injury unless the injunction issues; (3) proof that the threat of injury to him outweighs the harm the injunction may cause the opposing party; and (4) a showing that granting the injunction would not be adverse to the public interest." Duke v. Cleland, 954 F.2d 1526, 1529 (11th Cir. 1992); Johnson v. United States Dep't of Agric., 734 F.2d 774, 781 (11th Cir. 1984); Suntrust Bank, 252 F.3d at 1165 (burden of persuasion is on movant). A preliminary injunction may issue only if the movant carries burden of persuasion as to all four prongs. West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950 (11th Cir. 1982).

Generally, the person from whom injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995) (federal court lacks subject matter jurisdiction to issue preliminary or permanent injunction against a non-party); see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court is not authorized to grant injunctive relief against non-parties, and discussing limited situations where such relief might be available, such as under the All Writs Act, which does not appear to apply to this case). Similarly, the injunctive relief sought must be closely related to the conduct raised in the complaint. Devose v.

2

Herrington, 42 F.3d 470, 471 (8th Cir. 1994); see Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) (district court should not issue an injunction which is not of the same character, and deals with a matter lying wholly outside the issues in the suit); Thompson v. Windsor, 2010 WL 3043427 (N.D. Fla. July 9, 2010).

An evidentiary hearing is not always required, but must be held where "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." Four Seasons Hotels v. Consorcio Barr, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003) (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312 (11th Cir. 1998)). "There can be no doubt that where the facts are clear that a court, in the exercise of its discretion, may grant or deny an injunction on the basis of ex parte affidavits." Scott v. Davis, 404 F.2d 1373, 1375 (5th Cir. 1968). However, where the affidavits relate to controverted factual issues, we the district court should have required the facts to be tested in the crucible of oral and cross-examination. Id.

(B)   Access to Courts

It is indisputable that "inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and stamps to mail them." Bounds v. Smith, 430 U.S. 817, 823-25 (1977). This requirement is not without limits. Inmates are entitled to meaningful access to the courts and the materials necessary to assert their rights. However, they are not entitled to unfettered access to the courts. See, e.g., Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985) (limiting indigent prisoners to two stamps per week does not violate a prisoner's right to meaningful access to courts).

III. Discussion

3

The Plaintiff has not demonstrated that a preliminary injunction is warranted. He has been granted leave to proceed *in forma pauperis* and his Complaint is pending screening; nothing is due to be filed by him at this stage in the proceedings. Further, the fact that the Plaintiff has been able to file the Complaint and motion for preliminary injunction in the instant case demonstrates that he has access to some writing supplies and postage, and therefore, meaningful access to the courts. No preliminary injunction is warranted under these circumstances.

### IV. Conclusion

It is therefore recommended that the Plaintiff's motion for a preliminary injunction for legal materials (DE# 7) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Quinton Sylvestre
    0362165
    Palm Beach County Jail
    Inmate Mail/Parcels
    Post Office Box 24716
    West Palm Beach, FL 33416
    PRO SE