UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-81934-ZLOCH
MAGISTRATE JUDGE P.A. WHITE

QUINTON SYLVESTRE, :

Plaintiff, :

vs. :

PALM BEACH COUNTY SHERIFF'S OFFICE, ET AL., :

Defendants. :

REPORT OF MAGISTRATE JUDGE

I. Introduction

The Plaintiff has filed a *pro se* civil rights Complaint while confined at the Palm Beach County Jail in West Palm Beach, Florida, pursuant to 42 U.S.C. § 1983. (DE# 1). He has been granted leave to proceed *in forma pauperis*. The Complaint is presently before the Court for screening.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

II. Claims

The Plaintiff names as the Defendants the Palm Beach County Sheriff's Office and Palm Beach County Sheriff's Deputies Brown and King. The incident at issue allegedly occurred on November 25, 2016, during the 4:00 PM to midnight shift at the Palm Beach County Jail.

Construing the allegations liberally and accepting them as true, Deputy Brown, a female officer, opened the shower door as the

Plaintiff was showering and stared at his genital area for a full minute. She then grabbed his towel and clothes and left the shower area with them. She told Deputy King, also a female officer, to open the housing unit door, and Brown threw the towel and clothes outside into the vestibule. The Plaintiff waited and respectfully asked for the two deputies to return his clothes for the next forty minutes. They replied "fuck you nigger, go get them yourself." (DE# 1 at 3).

The Plaintiff finally exited the shower and walk back to his cell completely naked in front of the two female deputies as well as all the other inmates on the housing unit. The deputies threatened to "lock down" any inmate who gave the Plaintiff another towel or clothes. Id. Brown "verbally and sexually degraded" the Plaintiff as he walked naked down the stairs, through the unit, and back to his cell. Id. When he reached his cell, Brown closed the door and manually turned off the cell's water, telling the Plaintiff and his roommate to "drink from the toilet if you're thirsty." Id.

An hour later, the Plaintiff was sitting on the toilet, still naked, when Brown turned on a bright overhead light from the officer's station, approached the transparent cell door that is only two feet from the toilet, and stared at his genital area. She refused to leave and verbally degraded him for several minutes. Deputies Brown and King left the Plaintiff naked in his cell with the water turned off for the next six hours. Deputy Brown returned the Plaintiff's clothes at 11:45 PM but still refuted to turn the water back on. When the shift changed at midnight, the Plaintiff explained the situation to the midnight deputy who immediately turned the water back on.

The Plaintiff had handed Deputies Brown and King an inmate grievance through the crack in the cell door referring to their misconduct Before exited the unit. Deputy Brown ripped it up in front of the Plaintiff and said "fuck you and your grievance... and don't write no more!" (DE# 1 at 5). The next day, the Plaintiff filed another grievance but received no response.

This incident is not the first time that Deputy Brown has opened the shower door to stare at the Plaintiff's genitals. This is ongoing harassment with the malicious intent to humiliate.

The Plaintiff seeks preliminary and permanent injunction, declaratory judgment, and compensatory and punitive damages.

III. Preliminary Injunction

The standard for issuing a preliminary injunction and temporary restraining order are the same. See California v. Am. Stores Co., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agric., 734 F.2d 774 (11th Cir. 1984). A preliminary injunction is an extraordinary remedy that lies within the district court's discretion. See Cunningham v. Adams, 808 F.2d 815, 818-19 (11th Cir. 1987); Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). Its purpose is to preserve the *status quo* between the parties and prevent irreparable injury until the court can render a meaningful decision on the merits. United States v. Alabama, 791 F.2d 1450, 1459 (11th Cir. 1986). A party seeking a preliminary injunction must clearly establish: "(1) a substantial likelihood that he will ultimately prevail on the merits; (2) a showing that he will suffer irreparable injury unless the injunction issues; (3) proof that the threat of injury to him outweighs the harm the injunction may cause the opposing party; and (4) a showing that granting the injunction would not be adverse to

the public interest." Duke v. Cleland, 954 F.2d 1526, 1529 (11th Cir. 1992); Johnson, 734 F.2d at 781; Suntrust Bank, 252 F.3d at 1165 (burden of persuasion is on movant). A preliminary injunction may issue only if the movant carries burden of persuasion as to all four prongs. West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950 (11th Cir. 1982).

Generally, the person from whom injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995) (federal court lacks subject matter jurisdiction to issue preliminary or permanent injunction against a non-party); see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court is not authorized to grant injunctive relief against non-parties, and discussing limited situations where such relief might be available, such as under the All Writs Act, which does not appear to apply to this case). Similarly, the injunctive relief sought must be closely related to the conduct raised in the complaint. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

An evidentiary hearing is not always required, but must be held where "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." Four Seasons Hotels v. Consorcio Barr, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003) (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312 (11th Cir. 1998)). "There can be no doubt that where the facts are clear that a court, in the exercise of its discretion, may grant or deny an injunction on the basis of ex parte affidavits." Scott v. Davis, 404 F.2d 1373, 1375 (5th Cir. 1968). However, where the affidavits relate to controverted factual issues, we the district court should have required the facts to be

tested in the crucible of oral and cross-examination. Id.

A showing of irreparable harm is "the *sine qua non* of injunctive relief." Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990). The injury must be "neither remote nor speculative, but actual and imminent". Northeastern, 896 F.2d at 1285. An injury is "irreparable" only if it cannot be undone through monetary remedies. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Northeastern, 896 F.2d at 1285 (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)); accord United States v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983).

The Plaintiff appears to seek a preliminary injunction because he fears that the Defendants will continue to humiliate him. The allegations are too vague, conclusory, and uncertain to warrant issuance of a preliminary injunction. See Fed. R. Civ. P. 65(b)(1)(A). Nor has the Plaintiff demonstrated that there is a substantial likelihood that he will ultimately prevail on the merits at trial, much less that he will suffer irreparable injury unless the injunction issues.

Therefore, the motion for preliminary injunction incorporated in the Plaintiff's Complaint should be denied.

III. Screening Standard

Because the Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code Title 28, Sections 1915 and 1915A. Section 1915(e)(2)(B) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that –
> ...
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Id. (emphasis added).

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312 (1981); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) or and Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.

1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is

insufficient. Id.

## IV. Discussion

(1) Palm Beach County Sheriff's Office

Whether a party has the capacity to sue or be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Faulkner v. Monroe County Sheriff's Dep't, 523 Fed. Appx. 696, 701 (11th Cir. 2013).

The Palm Beach County Sheriff's Office is not amenable to suit and, therefore, should be dismissed from this action.

(2) John Doe Defendants

The Plaintiff seeks injunctive relief against Defendants Brown and King "and their coworkers." (DE# 1 at 6).

As a general matter, fictitious-party pleading is not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); see, e.g., New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). A limited exception to this rule exists where the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." Dean, 951 F.2d at 1215-16.

The Plaintiff's request for an injunction against Brown and King's unnamed "co-workers" seeks relief against completely unidentified parties who, he does not allege, committed any constitutional violations. Such a claim is insufficient to proceed. See Richardson, 598 F.3d at 738 (as a general matter, fictitious-party pleading is not permitted in federal court); see, e.g.,

Moulds v. Bullard, 345 Fed.Appx. 387 (11th Cir. 2009) (no abuse of discretion for dismissing John Doe correctional officers from prisoner's civil rights suit where the prisoner completely failed to describe some of those officers and did not timely request discovery that would have allowed him to learn their names and serve them).

Therefore, to the extent the Plaintiff intended to name John Doe deputies as defendants, the claims against them should be dismissed.

(3) Sexual Harassment

Sexual abuse of a prisoner by a guard is generally analyzed as an excessive-force claim. See Graham v. Sheriff of Logan County, 741 F.3d 1118 (10th Cir. 2013). The United States Supreme Court announced in Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015), that, to state an excessive force claim, a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable. This differs from the Eighth Amendment excessive force standard that applies to convicted prisoners because prisoners cannot be punished cruelly and unusually, but pretrial detainees cannot be punished at all. Therefore, for pretrial detainee excessive force cases two issues are examined: (1) was the act purposeful (not negligent or accidental), and (2) was the force objectively unreasonable. Several factors "may bear on the reasonableness or unreasonableness of the force used," including: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any efforts made by the officers to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officers; and (6) whether the plaintiff was actively resisting. Id.

at 2473. Subjective questions like ill will and malice are not appropriate. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." Bell v. Wolfish, 441 U.S. 520, 539 n. 21 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

In the instant case, the Plaintiff complains that Brown purposefully looked at his genitals while he was showering, that Brown and King took away his clothes and towel, made him walk across the housing unit nude, and threatened other inmates with lockdown if they helped him, and that Brown again stared at his genitals while he sat on the toilet. Taking the allegations as true and liberally construing them, the Defendants' alleged acts were purposeful and objectively unreasonable and are therefore sufficient to state a Fourteenth-Amendment claim. See, e.g., Byrd v. Maricopa County Bd. Of Supervisors, __ F.3d __, 2017 WL 65395 (9th Cir. 2017) (pretrial detainee's claim that the policy of permitting female guards to observe male prisoners while showering and performing bodily functions, which made him uncomfortable in part because of his history of sexual abuse, was sufficient to meet the low threshold for passing screening). The sexual harassment claim should be permitted to proceed at this early stage in the proceedings.

Therefore, the Plaintiff's claim of sexual harassment Defendants Brown and King should be permitted to proceed.

(4) Cell Conditions

"The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones..." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim based on prison conditions, an inmate must meet both an objective and

subjective component.[1] The objective component requires that the condition be sufficiently serious, and the subjective component requires that the official in question acted with deliberate indifference to prisoner health or safety. Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994). To meet the objective component, only those conditions which amount to an "extreme deprivation" violating contemporary standards of decency are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). The risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Both the duration and the severity of the prison conditions are relevant to the determination of whether the Eighth Amendment has been violated. Chandler, 379 F.3d at 1295. Under the subjective prong, a prison official "cannot be found liable ... for denying an inmate humane conditions of confinement unless the official knows of and disregards and excessive risk to inmate health or safety; the official must both be aware of the facts from which inferences could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Thus, only the unnecessary and wanton infliction of pain gives rise to a viable Eighth Amendment claim. Hudson, 503 U.S. at 5. Further, civil rights actions require an affirmative causal connection between the named defendants in

[1] Kingsley does not expressly apply to claims outside the excessive force context. The Eleventh Circuit uses Eighth and Fourteenth Amendment inquiries are identically for claims of medical deliberate indifference and conditions of confinement. See Hamm v. DeKalb, 774 F.2d 1567, 1574 (11th Cir. 1985) (holding that providing pretrial detainees basic need such as food, living space, and medical care under the Due Process Clause is the same as that allowed by the Eighth Amendment for convicted prisoners). Until overruled, Hamm remains good law. See County of Monroe v. U.S. Dep't of Labor, 690 F.2d 1359, 1363 (11th Cir. 1982) ("[A] three-judge panel may not disregard precedent set by a prior panel absent an intervening Supreme Court decision or en banc circuit decision"); Smith v. Duff & Phelps, Inc., 891 F.2d 1567, 1570 n. 6 (11th Cir. 1990) (holding that directly applicable Supreme Court decisions "require[] this Court to overrule its prior holdings").

the suit and the alleged constitutional violation. Zalter v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

The Plaintiff's allegations that Deputy Brown turned on a bright overhead light, turned off his cell's water for approximately six hours, and then turned off the cell light, are insufficiently serious to demonstrate a constitutional violation. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981) (even double capacity housing does not violate the constitution absent deprivations of essential food, medical care, or sanitation); Alfred v. Bryant, 378 Fed. Appx. 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional"); Brown v. Withrow, 985 F.2d 559, 559 (6th Cir. 1993) (having rats, roaches and ants present in the cell for four days is not below the constitutional standard).

Therefore, the Plaintiff's claim about the conditions in his cell should be dismissed.

(5) Grievance

An inmate "has no constitutionally-protected liberty interest in access to [a jail's grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011).

Deputy Brown did not violate one of the Plaintiff's federal constitutional rights by tearing up the Plaintiff's grievance. The Plaintiff does not allege that either Brown or King was responsible for his failure to receive a response to his second grievance and, even if they were, this was not a constitutional violation. Therefore, this claim is due to be dismissed.

(6) Damages

In an action pursuant to Section 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotion distress, impairment of reputation, and personal humiliation. Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000). The Prison Litigation Reform Act ("PRLA") provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act...."[2] 42 U.S.C. § 1997e(e). A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive damages unless he alleges some physical injury that is more than *de minimis*. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002); Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011). The physical injury must be more than "*de minimis*" but need not be "significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000)(en banc). Section 1997e(e) does not affect the availability of declaratory or injunctive relief or nominal damages. Id. at 1288; Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).

The Plaintiff generally alleges that the Defendants' actions

---

[2] [T]he term "sexual act" means--(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person....

18 U.S.C.A. § 2246(2).

were intended to humiliate him. He does not state any specific physical injury or allege that either Defendant sexually touched him in any way. Therefore, the Plaintiff's claims for compensatory and punitive damages are barred by Section 1997e(e).

For the foregoing reasons, the Plaintiff's claims for compensatory and punitive damages should be dismissed.

## V. Conclusion

Based on the foregoing, it is recommended that the claim for sexual harassment against Defendants Brown and King for declaratory judgment and injunctive relief proceed, and that the remainder of the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report.

Signed this 19th day of January, 2017.

UNITED STATES MAGISTRATE JUDGE

cc: Quinton Sylvestre
0362165
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416
PRO SE